09-4051-ag
Zhang v. Holder

BIA
Abrams, IJ
A098 632 728

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 25th day of May, two thousand ten.

PRESENT:
>        JOSEPH M. McLAUGHLIN,
>        RICHARD C. WESLEY,
>        GERARD E. LYNCH,
>                Circuit Judges.

_____

HUI ZHANG,
>        *Petitioner*,

>        v.                                    09-4051-ag
>                                              NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>        *Respondent*.

_____

FOR PETITIONER:        Sheema Chaudhry, Law Offices of
                       Michael Brown, New York, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney
                       General; Linda S. Wernery, Assistant
                       Director; Thankful T. Vanderstar,
                       Trial Attorney, Office of

Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Hui Zhang, a native and citizen of the People's Republic of China, seeks review of an August 31, 2009, order of the BIA, affirming the December 19, 2007, decision of Immigration Judge ("IJ") Steven R. Abrams, which denied her application for asylum, withholding of removal, and relief under the Convention Against Torture. *In re Hui Zhang*, No. A098 632 728 (B.I.A. Aug. 31, 2009), *aff'g* No. A098 632 728 (Immig. Ct. N.Y. City Dec. 19, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the IJ's decision including the portions not explicitly discussed by the BIA. *See Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). "We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard,

treating them as 'conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.'" *Shu Wen Sun v. BIA*, 510 F.3d 377, 379 (2d Cir. 2007), quoting 8 U.S.C. § 1252(b)(4)(B). For applications governed by the REAL ID Act of 2005, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant's demeanor, the plausibility of his or her account, and inconsistencies in his or her statements, regardless of whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Matter of J-Y-C-*, 24 I. & N. Dec. 260, 265 (BIA 2007). We "defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008).

Analyzed under the REAL ID Act, the agency's adverse credibility determination is supported by substantial evidence. In finding Zhang's testimony not credible, the IJ relied in part on her demeanor, noting that she was hesitant and, at times, unresponsive. Because the IJ was in the best position to observe Zhang's manner while testifying, we

afford his demeanor finding particular deference. *See Zhou Yun Zhang v. INS*, 386 F.3d 66, 73-74 (2d Cir. 2004). Indeed, while the record cannot reflect whether Zhang's testimony was generally hesitant, it reveals at least one instance when Zhang did not respond to a question posed to her, and other instances when her answers were unresponsive.

In finding Zhang not credible, the IJ also reasonably relied on a number of inconsistencies in her testimony. *See Xiu Xia Lin*, 534 F.3d at 167. For example, although Zhang testified that she practiced Falun Gong exclusively at the home of her friend, she had previously testified that she practiced at her own house, and later stated that she also practiced in an "empty room" located "in the mountain," and also "at the park." When confronted with this inconsistency, she did not respond. Moreover, although Zhang initially testified that she learned about Falun Gong in January 1999, but did not begin practicing until January 2000, she later testified that she began practicing Falun Gong in January 1999, and that her father observed her practicing Falun Gong in April 1999. Zhang also contradicted herself as to whether she stopped practicing Falun Gong after her alleged arrest in June 2000, initially

4

stating that she "did not give up practicing" after her release, but later stating that she was unable to continue practicing without her books.  Finally, although Zhang initially testified that no one saw her practice Falun Gong in the United States because she practiced alone, she then testified that she practiced together with a "close friend," who helped her photograph her exercises.

Zhang does not attempt to reconcile her testimony, and instead argues that the inconsistencies are minor "under the totality of the circumstances."  As Zhang acknowledges, however, even minor inconsistencies may form the basis of an adverse credibility determination under the REAL ID Act.  *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Xiu Xia Lin*, 534 F.3d at 167.  Moreover, such inconsistencies make us "still more confident in our review of [the IJ's] observations about an applicant's demeanor."  *Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006).  Because these findings are sufficient to persuade us that the agency's adverse credibility determination was not in error*, see Xiu Xia Lin*, 534 F.3d at 167, we need not reach the balance of the IJ's credibility findings.  *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 339 (2d Cir. 2006).

Insofar as Zhang's application for asylum, withholding

5

of removal, and CAT relief shared the same factual predicate, the agency's adverse credibility determination was fatal to each of those claims.  *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006) (withholding of removal); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2006) (CAT).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6